# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOSEPH W. SCATES,

        Petitioner,      :      Case No. 3:15-cv-038

  - vs -                              District Judge Walter Herbert Rice
                                      Magistrate Judge Michael R. Merz

RHONDA RICHARD, Warden,
 Madison Correctional Institution,

                                    :

        Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Joseph W. Scates under 28 U.S.C. § 2254.  Scates challenges his conviction and sentence in the Clark County Common Pleas Court for one count of aggravated trafficking in drugs.  The case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part:  "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

    Scates pleads two grounds for relief:

> **Ground One:**  Trial counsel's failure to pursue a ruling on a motion to suppress the evidence constituted ineffective assistance of counsel.
>
> **Supporting Facts:**  Trial counsel failed to file a motion to suppress.  Police records indicate that there was in fact a reason to file said motion.  The search of the residence was unconstitutional.  He was prejudiced by the error and would not have pled guilty and

1

would have insisted on going to trial. Trial counsel failed to provide effective counsel by allowing the defendant to plead to the charge of trafficking in drugs.

**Ground Two:** The trial court abused its discretion in failing to impose the shortest prison term authorized by [Ohio Revised Code §] 2929.14.

**Supporting Facts:** The defendant pled guilty to one count of trafficking in heroin, in violation of R.C. 2925.03, a felony of the second degree. The statutory range of a prison term for a second degree felony is two to eight years in prison. The defendant was sentenced to six years of incarceration with the Ohio Dept. of Rehabilitation & Correction.

(Petition, Doc. No. 1.)

**Procedural History**

Scates was indicted by the Clark County Grand Jury on two counts, including the count of conviction, and a specification to the other count. On September 28, 2013, he pled guilty to the trafficking count in exchange for dismissal of the other count and the specification. At the plea colloquy, the prosecutor read the following facts into the record as a basis for conviction:

> On February 23, 2012, approximately 6:30 in the morning, the Springfield Police Division executed a search warrant at 315 West Pleasant Street in the City of Springfield/Clark County, Ohio, the Defendant Joseph Scates, along with a codefendant, Dawn Bradley, were in the master bedroom. The police made entry. The police also located in the master bedroom 12.79 grams of heroin that was contained in two separate baggies in the dresser in the bedroom. Also in the house in the bedroom was a scale with residue on it, a large amount of currency which was listed in the indictment. There also were no drug abuse instruments or any other drug paraphernalia indicative of drug abuse in the home indicating the heroin was used for sale.

*Ohio v. Scates,* 2014-Ohio-418, ¶ 3, 2014 Ohio App. LEXIS 411, **1-2 (2nd Dist. Feb. 7, 2014,

2

quoting Sept. 28, 2012 Tr. at 4-5)).  The Second District affirmed the judgment and sentence, considering assignments of error which mirror the Grounds for Relief pleaded in the Petition.  *Id.*  The Ohio Supreme Court declined jurisdiction over a subsequent appeal and Scates then filed the instant Petition. *State v. Scates*, 139 Ohio St. 3d 1407; 2014-Ohio-2245 (2014).

## Analysis

**Ground One:  Ineffective Assistance of Trial Counsel**

In his First Ground for Relief, Scates claims he received ineffective assistance of trial counsel when his attorney failed to file a motion to suppress.  He claims that there was a factual basis for such a claim, but he does not tell this Court what that factual basis is, what facts about the search made it unconstitutional.

This claim was Scates' First Assignment of Error on direct appeal.  The Second District decided it as follows:

> **[*P5]**  In his first assignment of error, Scates claims his attorney provided ineffective assistance by not moving to suppress the heroin. In support, he argues:
>
>> In this case, trial [c]ounsel failed to file a motion to suppress. Although the record does not contain information regarding the reasons why to suppress the evidence, police records indicate that there was a reason to file a motion to suppress. The search of the residence was unconstitutional. [Scates] was prejudiced by the error and would not have pled guilty and would have insisted on going to trial. Trial counsel failed to provide effective

3

> assistance by allowing the appellant to plead to the charge of trafficking in drugs.
>
> (Appellant's brief at 4).
>
> [*P6]  This court has recognized that "[a] plea of guilty waives any claim that the accused was prejudiced by ineffective assistance of trial counsel, except to the extent that the ineffectiveness alleged may have caused the guilty plea to be less than knowing, intelligent, and voluntary." *State v. Stivender*, 2d Dist. Montgomery No. 23973, 2011-Ohio-247, ¶ 15. Here Scates argues that his guilty plea was not made knowingly, intelligently, and voluntarily because his attorney rendered ineffective assistance by not filing a suppression motion. Although we find this proposition questionable, Scates' ineffective-assistance claim fails even if it was not waived.
>
> [*P7]  To prevail, Scates must show that his attorney's performance was deficient and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice exists where "there is a reasonable probability that, but for counsel's deficient performance, the outcome would have been different." *Id*. at 694. In the present context, Scates must establish a reasonable probability that the trial court would have sustained a motion to suppress. On the record before us, he has not made such a showing.
>
> [*P8]  Scates candidly admits that "the record does not contain information regarding the reasons why to suppress the evidence[.]" (Appellant's brief at 4). The record reveals only that police executed a search warrant at his residence and found heroin inside. (Sept. 28, 2012 Tr. at 4-5). Without any record evidence establishing grounds to suppress the heroin, Scates cannot demonstrate a reasonable probability the trial court would have sustained a suppression motion. A "bare assertion that counsel failed to seek suppression is insufficient because the failure to file a suppression motion is not per se ineffective assistance." *State v. Slaughter*, 2d Dist. Montgomery No. 25270, 2013-Ohio-824, ¶ 19. Accordingly, the first assignment of error is overruled.

*State v. Scates, supra.*

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision

4

is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 100 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

In deciding this claim, the Second District analyzed it according to the governing federal standard promulgated in *Strickland v. Washington, supra.*  That standard requires that some deficient performance be shown on the part of the trial attorney and the Second District properly found that no such showing had been made.  Scates argued to them as he argues here that there is some undisclosed fact that makes the search unconstitutional.  But that court could only decide on the basis of the record before it, which did not include that facts or facts.  And in deciding whether that court's decision was contrary to or an objectively unreasonable application of clearly established Supreme Court law, this Court is limited to the record before the state courts.  *Cullen v. Pinholster,* 563 U.S. ___, 131 S. Ct. 1388 (2011).

The First Ground for Relief is therefore without merit and should be dismissed with prejudice.

**Ground Two:  Abuse of Discretion in Sentencing**

In his Second Ground for Relief, Scates claims the trial court abused its discretion under Ohio sentencing law when it sentenced him to more than the minimum sentence provided for the offense of conviction.

Although the Second District decided this claim on the merits, this Court cannot.  Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a);

5

*Wilson v. Corcoran,* 562 U.S. 1 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982); *Barclay v. Florida,* 463 U.S. 939 (1983).  "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). But abuse of discretion is not a denial of due process *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995).  Failure to abide by state law is not itself a constitutional violation. *Roberts v. City of Troy*, 773 F.2d 720 (6th Cir. 1985). Violation by a State of its own procedural rules does not necessarily constitute a violation of due process. *Bates v. Sponberg*, 547 F.2d 325 (6th Cir. 1976); *Ryan v. Aurora City Bd. of Educ.*, 540 F.2d 222, 228 (6th Cir. 1976).  "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995).

The Second Ground for Relief therefore fails to state a claim upon which relief can be granted and should be dismissed on that basis.

**Conclusion**

In accordance with the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be

permitted to proceed *in forma pauperis*.

February 4, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).