IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JOSEPH W. SCATES,

        Petitioner,    :    Case No. 3:15-cv-038

  - vs -        District Judge Walter Herbert Rice
        Magistrate Judge Michael R. Merz

RHONDA RICHARD, Warden,
 Madison Correctional Institution,

        :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 6) to the Magistrate Judge's Report and Recommendations recommending the Petition be dismissed with prejudice (the "Report," Doc. No. 3). Judge Rice has recommitted the case for reconsideration in light of the Objections (Doc. No. 7).

**Ground One:  Ineffective Assistance of Trial Counsel**

In his First Ground for Relief, Scates claims he received ineffective assistance of trial counsel in that his trial attorney did not file a motion to suppress the heroin which was the basis of the drug trafficking charge to which Scates pled guilty. This claim was raised as the First Assignment of Error on direct appeal and the Second District Court of Appeals rejected it because Scates had not shown any basis on which a motion to suppress might have been

1

successfully made. *State v. Scates*, 2014-Ohio-418, 2014 Ohio App. LEXIS 411, ¶¶ 5-8 (2nd Dist. Feb. 7, 2014). As the Second District noted at ¶ 8, Scates admitted in his Brief on appeal that "the record does not contain information regarding the reasons why to suppress the evidence[.]"

Since the Second District decided this claim on the merits, the Report found this Court owed that decision deference under 28 U.S.C. § 2254(d)(Report, Doc. No. 3, PageID 41-42). It also noted this Court could not add to the record before the Second District when it decided the claim because of *Cullen v. Pinholster,* 563 U.S. ___, 131 S. Ct. 1388 (2011). *Id.*

In his Objections, Scates relies on the Indictment which shows that both he and Dawn Bradley were charged jointly with both trafficking in drugs and possession of heroin (Doc. No. 6-1, PageID 54). He then refers to a Law Enforcement Arrest Report and Probable Cause Affidavit which is captioned in the Clark County Municipal Court. Although it does not show a file stamp, presumably it is the document on which Springfield Police obtained an arrest warrant and filed a complaint in that court, the court of first instance for felonies committed in Clark County. *Id.* at PageID 55. The Indictment charges possession of an amount equal to or greater than ten grams but less than fifty grams, the amount of heroin necessary to convict at the level at which Bradley and Scates were charged.

Scates then relies on a two-page exhibit which he says is a "signed statement of one of the officers" to the effect that four grams were found in two separate baggies at the residence that was searched (Objections, Doc. No.6, PageID 51, citing PageID 56-57). Scates then refers to an attached Springfield Police Crime Lab Report which reflects receipt of two baggies from this arrest containing, respectively, 6.44 and 6.35 grams of heroin. *Id.* at PageID 58. Relying on these documents, Scates says there was enough evidence to support a suppression hearing and a

motion to suppress would have been successful. Moreover, he says, a suppression hearing would have shown he did not live at the address where the heroin was seized.

The Magistrate Judge notes the following deficiencies with Scates' argument:

1. The alleged letter from a police officer at PageID 56-57 is not signed by anyone. It appears to be handwritten notes about the case made by some unidentified person. It contains the notation "[o]n Feb. 23 cops show up w/warrant" and the last name of one of the Clark County Common Pleas Judges. There is no showing that this document is what Scates claims it to be or that it was any part of the record before the Second District. Under *Pinholster, supra*, it cannot be added to the record here.

2. The Probable Cause Affidavit on which Scates relies shows that on execution of the search warrant at 315 West Pleasant Street, the police found Bradley and Scates sleeping in the same bedroom (Doc. No. 6-2, PageID 55). In the same bedroom police found heroin in separate baggies in separate drawers of a dresser, as well as a large amount of cash in the same dresser and in Scates' pants. *Id.* They found a digital scale but no drug use paraphernalia.

Based on these documents, Scates argues that the separate baggies of heroin (each of which contained less than ten grams) should have been charged to the two defendants separately, particularly since one of the baggies was in a drawer containing Ms. Bradley's undergarments (Objections, Doc. No. 6, PageID 51-52). Also, he says, he wasn't living there, although he does not deny he was found sleeping in the same bedroom with the heroin, the co-defendant, and a large amount of cash.

The facts would not have supported a motion to suppress. As found by the Second District, the police searched these premises pursuant to a search warrant. A motion to suppress

3

would have had to show that there was not probable cause to issue the warrant or that the police had exceeded the authorized scope of the warrant. Nothing in the supplies documents suggests anything like that, even assuming all of them are or could have been part of the record on appeal.

What Scates seems to be arguing instead is that at a trial he could have created reasonable doubt about whether he and Ms. Bradley had joint possession of the drugs, but that is not the argument he makes. His allegation that he did not live there might have had some weight with the jury, but he was found in bed with the woman who did live there and the cash was found in his pants. In any event, his claim of ineffective assistance of trial counsel is about the failure to file a motion to suppress, not about failure to take the case to trial.

Scates has not shown any basis on which a motion to suppress could have been filed, much less that it would have been successful. Therefore the Second District's rejection of this claim is not an objectively unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984), and this Court must defer to it.

**Ground Two:  Abuse of Discretion in Sentencing**

In his Second Ground for Relief, Scates claims the trial court abused its discretion under Ohio sentencing law when it sentenced him to more than the minimum sentence provided for the offense of conviction.

The Report concluded this Ground for Relief was not cognizable in habeas corpus because it did not state a claim of violation of the United States Constitution, the sole basis on which habeas corpus relief from a state court conviction can be granted (Report, Doc. No. 3,

4

PageID 42-43).

In his Objections, Scates lays out his case for how the trial judge violated Ohio sentencing law by sentencing him to more than the minimum sentence provided by statute for the offense of conviction (Doc. No. 6, PageID 52-53).

In rejecting this argument on direct appeal, the Second District found that, under Ohio sentencing law, a sentence was to be affirmed unless the appellant proved, clearly and convincingly,

> either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." and  "that a sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12."

*State v. Scates, supra*, ¶ 11.  Applying the law as thus stated, the Second District found, based on a review of the record, that the appropriate findings were made and the six-year sentence was not contrary to law.  *Id.*  at ¶ 12.

In his Objections, Scates claims this decision is "contrary to well established federal law." (Doc. No. 6, PageID 52.)  However, he cites no federal case authority to support that claim and none is known to the Magistrate Judge.  He also claims the decision is against Ohio Law pertaining to first-time offenders.  *Id.*  However, that is a question of Ohio law on which this Court is bound by the decision of the Second District.

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that the Petition be

5

dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

March 23, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).