IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSEPH W. SCATES,                          :

        Petitioner,

    v.                                         :

RHONDA RICHARD, WARDEN,

        Respondent.                        :

Case No. 3:15-cv-038

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #3), AND
SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #8);
OVERRULING PETITIONER'S OBJECTIONS THERETO (DOCS. ##6, 9);
DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH
PREJUDICE (DOC. #2); DENYING CERTIFICATE OF APPEALABILITY
AND LEAVE TO APPEAL *IN FORMA PAUPERIS*; JUDGMENT TO
ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITITONER;
TERMINATION ENTRY

---

Based on the reasoning and citations of authority set forth by United States

Magistrate Judge Michael Merz, in his February 4, 2015, Report and

Recommendations (Doc. #3), and his March 23, 2015, Supplemental Report and

Recommendations (Doc. #8), as well as upon a thorough *de novo* review of this

Court's file and the applicable law, this Court ADOPTS said judicial filings in their

entirety, and OVERRULES Petitioner's Objections thereto (Docs. ##6, 9).

In Ground One, Petitioner seeks relief based on trial counsel's alleged

ineffective assistance in failing to file a motion to suppress evidence. Magistrate

Judge Merz found that the state court properly applied the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), in overruling this assignment of error. The state court found that, because Scates had not pointed to any evidence in the record establishing grounds to suppress the heroin discovered during the execution of the search warrant, Scates could not demonstrate a reasonable probability that the trial court would have sustained a motion to suppress, had one been filed.

In his Objections to the Reports and Recommendations, Petitioner attempts, for the first time, to establish a factual basis for his ineffective assistance of counsel claim. He argues that: (1) there were discrepancies in the quantity of drugs reported in the notes of a police officer, the probable cause affidavit, and the lab report; (2) he did not live at the address that was the subject of the search warrant; and (3) he should not have been charged with possession of the heroin that was found in his *co-defendant's* dresser drawer. Even if these arguments were timely, which they are not, Petitioner fails to explain how any of them would warrant suppression of the evidence. His Objections are, therefore, overruled.

In Ground Two, Petitioner alleges that the trial court erred in not imposing the minimum allowable sentence. For the reasons articulated by the Magistrate Judge, Petitioner has failed to state a *federal* claim upon which relief can be granted. Because Petitioner's Objections do not address this problem, they are overruled.

2

For these reasons, the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. #2) is DISMISSED WITH PREJUDICE.

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be objectively frivolous, Petitioner is denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*.

Judgment will be entered in favor of Respondent and against Petitioner.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: April 16, 2015

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

3